CONFORMED COPY
JUL 25 2008

STATE OF VERMONT
RUTLAND COUNTY

ALBERT GIONET,  )
    Appellant,  )
                )
        v.      )        RUTLAND SUPERIOR COURT
                )        DOCKET NO. 92-2-08 Rdcv
                )
GIBEAULT'S BODY SHOP,  )   on appeal from
    Appellee.          )   Docket No. 440-5-07 Rdsc

## SMALL CLAIMS APPEAL
### Decision

Plaintiff/Appellant Albert Gionet appeals a small claims judgment issued on January 8, 2008. The Court dismissed his complaint for $3500 in actual and punitive damages in relation to his claim against Gibeault's Body Shop relating to a repair to his 1989 Grand Voyager vehicle. On appeal, Mr. Gionet argues that the Small Claims Court's findings were not supported by the evidence, that they lacked important details, and that the Court improperly relied on hearsay testimony.

This Court has reviewed the record, heard oral argument on April 14, 2008, and listened to the tape recording of the full hearing held in Small Claims Court on September 6, and October 18, 2007. Both parties represented themselves in the Small Claims Court. Only Mr. Gionet filed a memorandum on appeal and appeared at oral argument.

In appeals from the Small Claims Court, the Superior Court's review is based on the record below and limited to questions of law. See 12 V.S.A. § 5538; V.R.S.C.P. 10. For reasons set out below, the case is remanded to the Small Claims Court for further proceedings.

The gist of the complaint is that Mr. Gionet brought his Voyager automobile to Gibeault's Body Shop after a serious accident. He wanted to have the frame straightened in a manner that would make sure the ball joint was in the right location so that a new axle, which he planned to install himself, would fit properly and he would not have future axle failures. Mr. Gionet also planned to do additional follow-up work on the vehicle himself. Jason Marcheaux, the shop foreman and frame specialist, agreed to do requested work for an estimated cost of $300. In reliance, Mr. Gionet purchased parts for the further work he himself would be doing at a cost of $212. When he returned to the shop to pick up the car, he was billed and paid $384 (to which he had no objection); however, when Mr. Gionet asked if the ball joint had been properly located, Mr. Marchauex told him to leave the vehicle for additional work.

1

After the body shop spent more time working on the vehicle, Mr. Gionet was asked to sign a letter releasing the Defendant from any liability for the safe operating condition of the Voyager. He was also told that significant additional work needed to be done and other parts replaced and that the vehicle was a piece of junk and not worth fixing. He refused to sign the release and removed his car from Defendant's lot on a Sunday when the body shop was closed. The Defendant then sent him a waiver of liability which he was requested to sign. He did not sign it.

Mr. Gionet claims that he was not told until after the second attempt to perform the repairs of the significant additional work and parts cost that would be required in addition to the work the body shop had agreed to do, and that if he had been told earlier, he would not have had the car fixed or purchased the parts he planned to install himself after Gibeault's completed its work.

In his complaint, he requested $3500 "for actual and punitive damages for their deceit, incontinence, and illegal business practice. Taking money for incompetent work."

The Small Claims Court made written findings of fact. Although these findings are consistent with the evidence presented, they do not resolve all the claims in the case.

The Small Claims Court treated the claim as a contract claim only. In its conclusions of law, the Small Claims Court began by stating, "The matter before the court is a contractual one," and concluded that

> the plaintiff and the defendant entered into a verbal contract to have the plaintiff's 1989 Voyager frame pulled into proper alignment in order to get the ball joint aligned to prevent a CV joint problem. The court concludes that the defendant did what the plaintiff requested and stated that they would do anything else that needed to be done even pull the frame within the manufacturer's specifications...[and]that if there was a further discrepancy that could no [sic] be resolved by a frame pulling that [sic] would refund all payments made by the plaintiff.

It is apparent from the complaint and the record that Mr. Gionet was actually asserting claims on two separate grounds. The first was for breach of contract, or, as stated in the complaint, "taking money for incompetent work." The findings and conclusion of the Court addressed only this claim.

The complaint also clearly sets forth a claim for consumer fraud, as reflected in the complaint in which Mr. Gionet sought not just actual damages but also punitive damages for "deceit. . .and illegal business practices." He was clear that his claim was that he would not have had the car fixed and would not have purchased the parts if he had been told when he first brought the car in that it was

2

junk and that even after the repair he requested was done, the vehicle would need considerably more repair work. It is equally clear that the Small Claims Judge did not recognize that a consumer fraud claim was being asserted. Her decision was grounded in contract law only, and at the hearing, when Mr. Gionet explained that he wanted punitive damages, the Judge said, "We don't do punitive damages." Mr. Gionet was given no opportunity to explain his claim for punitive damages, and the Court never addressed his claim as a consumer fraud claim.

The Consumer Fraud Law is set forth in 9 V.S.A. § 2451 et seq. It prohibits certain business practices, including false representations to consumers, and provides remedies in 9 V.S.A. § 2461(b) that include damages and "exemplary damages [which are punitive damages] not exceeding three times the value of the consideration given by the consumer." Thus, punitive damages are available if a consumer fraud claim is proved.

In *Jordan v. Nissan North America, Inc.,* 2004 VT 27, 176 Vt. 465 (2004), the Vermont Supreme Court set forth the requirements for proof of a consumer fraud claim in the following passage in which it described jury instructions on a consumer fraud claim, and approved them as an accurate statement of the law:

> In order to find that the Defendants engaged in a deceptive act or practice you must find that each of the following elements has been proven by the Jordans with respect to each Defendant. One, there must be a representation, omission or practice likely to mislead customers. Two, the consumer must be interpreting the message reasonably under the circumstances. And three, the misleading effect must be material, that is, likely to affect the consumer's conduct or decision regarding the product.
>
> . . . The first element is an objective standard looking to whether the representation or omission had the capacity or tendency to deceive a reasonable consumer. Actual injury as a result of these representations or omissions is not required to recover under the act. Rather, a consumer is only required to show that the seller's representations or omissions were made and the capacity or tendency to deceive the reasonable consumer.
>
> In considering whether a statement or omission had the capacity or tendency to deceive, there's a general rule of law that individual words and phrases in a larger message cannot themselves determine the meaning of a statement or representation. Each claim delivered to the consumer must be interpreted as a whole in the context of all the other facts communicated. Thus the Jordans must prove that the claim was deceptive in light of all the information they were given.

*Id. At ¶7.*

This case must be remanded to the Small Claims Court so that it can take additional evidence, consider all of the evidence in relation to the elements of a consumer fraud claim, and determine whether Mr. Gionet can prove such a claim,

3

and if so, make a determination of damages, including whether to award punitive damages authorized by the statute.

Mr. Gionet also claims that the Small Claims Court made an error in relying on hearsay testimony. Under the rules for Small Claims Court, the Rules of Evidence, which do not permit hearsay testimony to be admitted, do not apply in Small Claims Court trials. V.R.S.C.P. 6(b)(evidence admissible so long as it is of a type commonly relied upon by reasonably prudent persons in the conduct of their affairs). It is for the judge to determine whether testimony that comes in hearsay form is of the type that reasonably prudent persons would rely on in the conduct of their own affairs.

For the foregoing reasons, the case is remanded to the Small Claims Court for additional hearing time to be scheduled so that the consumer fraud claim can be addressed.

## ORDER

For the foregoing reasons, the case is remanded to the Small Claims Court for further proceedings consistent with this Decision.

Dated at Rutland, Vermont, 24th day of July, 2008.

Mary Miles Teachout
Presiding Judge

4